## 32216. CENTRIF AIR MACHINE COMPANY, INC. v. CHILIVIS.

BOWLES, Justice.

Appeal is brought to this court from the Superior Court of Gwinnett County, and from an order of that court granting the State Revenue Commissioner's motion for summary judgment which in effect concluded all issues. The case arose when the Department of Revenue issued to the appellant corporate taxpayer official notices of assessment and demand for payment on May 17, 1976, of

income and franchise tax deficiencies for the taxable periods of 1975 through 1976, inclusive. To those assessments, taxpayer timely appealed and this appeal was transmitted to the Superior Court of Gwinnett County for filing, as provided by law. The appeal asked for a redetermination of the deficiency tax as assessed, which the taxpayer claimed was in dispute because the tax was computed on "the fair market value doctrine." The taxpayer also complained about the interest assessed as being an act in violation of a constitutional right guaranteed it by the Constitution of the United States, Art. I, Sec. IX, Par. III and Art. I, Sec. X, Par. I. Taxpayer also complained that the enforcement of the provisions of Code § 92-3302 (Georgia Income Tax Act) and the "entire corporate income tax laws of Georgia" are unconstitutional. Taxpayer also asked the court to answer 24 separate questions which it presented to the lower court. It claimed it was a victim of high and confiscatory taxes causing great harm and needless hardship. It complained that it has been further harmed because provisions of the Fourteenth Amendment have been put in jeopardy, depriving it of "life, liberty and property" and that *"he* is subjected to ravages of tyrants"; that a great portion of the needless income tax is being used to destroy the respective governments and all individuals; and that the entire debt of the United States amounting to approximately 600 billion dollars should be declared illegal and void. We assume it holds no government bonds. It also requests the court to interpret Code Ann. § 92-3302, as that provision is related to certain religious beliefs of taxpayer as may be read in many cited passages of the King James Bible.

The State Revenue Commissioner filed in the Superior Court a motion for summary judgment upon the dual grounds that the taxpayer had failed to state a cause of action upon which relief can be granted and that there were no material issues of law or fact. The motion was supported by an affidavit from the commissioner, based on his personal knowledge that he in no way controlled the value of United States currency or the depreciation of Federal Reserve Notes, and that taxes owed to the State of Georgia are measured by and are payable in United

States currency, including but not limited to Federal Reserve Notes. Taxpayer filed an "Answer" to this motion in which he prayed that the court set the action down for trial on the facts, or, in the alternative, grant summary judgment in appellant's favor on the grounds that the deficiency charged was arbitrary and capricious and entirely without foundation in law or fact.

The trial court set the motion down for hearing at which time the president of the corporate taxpayer appeared, pro se, and the trial court patiently urged him to state the taxpayer's contentions and to illustrate if there were any issues of fact to be tried by a jury. Following the hearing the trial court granted summary judgment to the State Revenue Commissioner, and the taxpayer appeals to this court.

We affirm.

The enumeration of errors filed in this court, add little clarity to the taxpayer's contentions, but we will consider the same in the light which we believe best answers the complaints made to this court.

1. We have read the transcript of the proceedings of the trial court and conclude that the trial judge, did not attempt to argue the motion for summary judgment for the Assistant Attorney General, as claimed by the taxpayer, but patiently, and at great length, tried to get the taxpayer to outline and illustrate to the court the substance of his complaint so that the court could pass judgment on the same. The trial court did not commit error in this respect.

2. The second, third and fourth enumerations complain that the trial court refused to recognize the factual issues in the controversy raised by the pleadings and failed to allow the appellant to go to trial and introduce evidence at trial, or go into the factual issues; and failed and refused to allow appellant to establish by evidence according to law, the proper tax or deficiency assessment. Appellant's tax returns were admitted in evidence and the amounts assessed were the unpaid taxes shown on the returns plus interest. There was no error.

3. The fifth enumeration complains that the trial court erred in failing to allow appellant to go to trial and introduce in evidence its check number 3735 for $3,161.75

issued by appellant to the Georgia Income Tax Unit. The check is in the record and the taxpayer has been given credit for that amount. There is no error.

4. It is not clear from the contentions of the appellant nor from the record whether or not appellant clearly and accurately presented any constitutional question for decision to the trial court. However, Art. I, Sec. 8, Par. 5 of the United States Constitution, vests Congress with absolute power to coin money and to regulate the value of United States currency. Additionally, the Congress has provided: "All coins and currencies of the United States (including Federal Reserve notes and circulating notes of Federal Reserve Banks and national banking association), regardless of when coined or issued, shall be legal tender for all debts, public and private, public charges, *taxes,* duties, and dues." P. L. 89-91, Title I, Sec. 102 (31 USC § 392).

State of Georgia tax assessments are measured by and are payable in United States currency. Taxpayer complained that the value of this currency is greatly inflated, and the market value is worth much less than the face amount shown on Federal Reserve Notes. We recognize that inflation has depleted the value of such notes, but this has nothing to do with the taxpayer's liability for the amount of income and franchise taxes due the state, and in fact, is to his advantage. Should he choose to pay his tax liability in silver coin or in gold, we feel certain, that the State Revenue Commissioner would readily accept the same.

5. The provision of Code Ann. § 92-3302, as amended, does not violate appellant's rights to equal protection, nor does it abridge the privileges or immunities of citizens of the United States, as provided in the Fourteenth Amendment, Section 1 of the Constitution of the United States, as contended by taxpayer.

The trial court did not err in granting summary judgment in favor of the appellee.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 8, 1977 — DECIDED JUNE 20, 1977.

Lofton H. Smith, *pro se.*
*Arthur K. Bolton, Attorney General, Franklin N. Biggens, Assistant Attorney General,* for appellee.